FILED
SUPERIOR COURT
OF GUAM

2022 APR 11 PM 2:54

CLERK OF COURT

BY:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| LETITIA S. LUJAN,<br><br>Plaintiff,<br><br>vs.<br><br>STEVEN E. SHIMIZU,<br><br>Defendant. | DOMESTIC CASE NO. DM0308-14<br>(consolidated with CS0072-19 & CS0202-18)<br><br><br>**DECISION AND ORDER**<br>*(Defendant's Motion for Judgment Re: Child Support Arrears; Wage Assignment Order; Motion for Attorney's Fees and Costs)* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas for a motion hearing on the Defendant's Motion for Judgment Re: Child Support Arrears; Wage Assignment Order; Motion for Attorneys Fees and Costs on February 1, 2022. Defendant Steven E. Shimizu ("Defendant") was represented by Attorney Joaquin C. Arriola, Jr. Plaintiff Letitia S. Lujan ("Plaintiff") was represented by Attorney James M. Maher.

Having considered the arguments and applicable law, the Court hereby **GRANTS** Defendant's request for Judgment Re: Child Support Arrears and **GRANTS** Defendant's request for Wage Assignment Order for Plaintiff's support obligation of $675.16 per month. Defendant is **ORDERED** to submit an updated Wage Assignment Order and/or Judgment within fifteen (15) days of this Decision and Order. The Court further **GRANTS** the Defendant's Motion for Attorney's Fees and awards Defendant $30,000.00 in attorney's fees and $5,454.08 in costs.

## BACKGROUND

The Court hereinafter adopts the factual and procedural background as laid out in the (Amended) Findings of Fact and Conclusions of Law ("Amended FFCL") issued on October 28, 2021. Defense counsel subsequently filed the Defendant's Motion for Judgment Re: Child Support Arrears; Wage Assignment Order; Motion for Attorney's Fees and Costs on November 5, 2021. Defendant's Statement of Costs was also filed on November 5, 2021. A proposed Judgment For Child Support Arrears was submitted on October 29, 2021. On December 3, 2021, Plaintiff filed her Opposition, followed by Defendant's reply filed on December 17, 2021. A motion hearing was held on February 1, 2022, after which the Court took the matter under advisement.

## DISCUSSION

**I.      The Court grants the Defendant's request for Judgment and Wage Assignment Order.**

Guam law provides that "[w]henever the Superior Court makes a finding that an obligor is delinquent in child support payments and incorporates that finding in an order, the order shall be automatically reduced to judgment." *See* 5 G.C.A. § 34129. The Court issued the Amended FFCL on October 28, 2021, awarding child support to the Defendant dating back to June 1, 2016. In light of this award, Defendant requests that the Court issue Judgment in the amount of $63,777.08 for the Defendant, which represents Plaintiff's child support obligation through October 2021. The Plaintiff does not oppose or otherwise object to the proposed Judgment filed on October 29, 2021.

Defendant further requests that the Court issue a Wage and Earnings Assignment Order for Plaintiff's current child support obligation of $675.16 per month. Guam law provides as follows:

> In any proceeding where the court has ordered either or both parents to pay any amount of child support which is being enforced, the court shall order either or both parents to assign to the appropriate government agency which is receiving support payments on behalf of obligees that portion of the salary or wages of that parent due or to be due in the future as will be sufficient to pay the amount ordered by the court ....

See 5 G.C.A. § 34132. The Amended FFCL provided a current child support obligation of $675.16 per month. Plaintiff does not oppose or otherwise object to the proposed Wage Assignment Order. As such, the Court **GRANTS** Defendant's request for Judgment Re: Child Support Arrears and **GRANTS** Defendant's request for Wage Assignment Order for Plaintiff's support obligation of $675.16 per month. Defendant is **ORDERED** to submit an updated Wage Assignment Order and/or Judgment within fifteen (15) days of this Decision and Order.

## II. The Court grants Defendant $30K in attorney's fees based on the equity exception to the American Rule.

In Guam, the awarding of attorney's fees is governed by the "American Rule," which provides that each party bears their own litigation expenses. *Fleming v. Quigley*, 2003 Guam 4, ¶¶ 7, 35. Several exceptions to this rule are recognized, and if an exception applies, fee-shifting is permitted. *Id.* ¶ 7. Exceptions to the American rule include the following: "where attorney's fees are: (1) authorized by statute, (2) authorized by contract, or (3) allowed in judicially-established equitable circumstances." *Id.* (citing *Young v. Redman*, 128 Cal.Rptr. 86, 91 (Ct. App. 1976).

In the instant case, the Court finds that fee-shifting is permitted due to equitable considerations. "[C]ourts have the inherent discretionary power to award attorney's fees in accordance with equitable principles in specified circumstances." *Fleming*, 2003 Guam 4 ¶ 32; *see also Matter of Guardianship of Moylan*, 2018 Guam 8 ¶ 24. "The commonly recognized equitable exceptions to the American Rule include the common fund, substantial

benefit, private attorney general, third-party tort, and bad faith theories of recovery." *Fleming*, 2003 Guam 4 ¶ 7 n.3.

The Supreme Court of the United States has held that "a federal court may award counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Hall v. Cole*, 412 U.S. 1, 7, 93 S.Ct. 1943, 36 L.Ed.2d 702 (1973); *see also In re Itel Sec. Litig.*, 596 F. Supp. 226, 233 (N.D. Cal. 1984), *aff'd*, 791 F.2d 672 (9th Cir. 1986). "[A]n award of attorney's fees is justified when reckless conduct is combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1180–81 (9th Cir. 2019) (quoting *Rodriguez v. United States*, 542 F.3d 704, 709 (9th Cir. 2008)). "[A]cting without justification qualifies as vexatious behavior that can support the award of attorneys' fees...." *Prince v. Colvin*, 94 F. Supp. 3d 787, 801 (N.D. Tex. 2015) (*quoting Seals v. Herzing Inc.-New Orleans*, 482 Fed.Appx. 893, 897 (5th Cir. 2012) (internal quotations omitted). As the *Prince* court explained:

> [A]n award of attorney's fees is justified when reckless conduct is combined with an additional factor such as frivolousness, harassment, or an improper purpose; that [a] frivolous case is one that is groundless ... with little prospect of success; often brought to embarrass or annoy the defendant; and that a case is frivolous when the government's position was foreclosed by binding precedent or so obviously wrong as to be frivolous.

*Prince v. Colvin*, 94 F. Supp. 3d 787, 802 (N.D. Tex. 2015) (internal citations omitted). "Either the lack of legal foundation or the abusive nature of litigation tactics employed by a party could support an award of attorneys' fees against it." *In re Owners of Harvey Oil Ctr.*, 788 F.2d 275, 279 (5th Cir. 1986).

Here, the Parties litigated a simple child support matter for over five years. Defendant filed his Motion to Modify Child Support, along with his supporting Child Support Worksheet on June 1, 2016. This worksheet indicated Defendant's annual salary was $44,000.00, and

Plaintiff's annual income was $100,000.00. In Defendant's worksheet, Plaintiff's child support obligation for the three (3) minor children was $1,329.10. Plaintiff disputed this income information and did not pay any child support despite being ordered to pay temporary child support in the amount of $1,000.00 per month by Referee Linda Ingles on June 7, 2017. *See* (Amended) FFCL (Oct. 28, 2021) p. 2, ¶ 4. The parties engaged in extensive discovery related to income information, including depositions, over the span of five (5) years. *Id*. pp. 4–5, ¶¶ 10–11. Since then, three of the four children have aged out and attained the age of eighteen. *Id*. p. 1, ¶ 1. The Court ultimately determined that in 2016 Steven's income was about $48,751.00 and Letitia's income was about $101,647.20, which is very similar to the amounts claimed in Defendant's original 2016 Child Support Worksheets. *Id*. p. 13, ¶¶ 10–11. The Court found a June 2016 child support obligation of $1,157.55, which is only a $171.55 difference from the amount calculated in Defendant's June 1, 2016 Child Support Worksheet. This shows that the Defendant's calculations for child support have been on par with the Child Support Guidelines since his initial Motion to Modify Child Support filed in 2016.

Had Plaintiff acknowledged her obligations under the Child Support Guidelines in 2016, such extensive, vexatious, and burdensome litigation could have been avoided. Instead, Plaintiff vigorously litigated this matter. Plaintiff appeared to reduce her income by over 50% between 2017 to 2019 and made a concerted effort to reduce her income by placing assets and properties in the LL & GC Trust. Amended FFCL, pp. 7–8, ¶¶ 17–18. In considering the totality of the circumstances, the Court finds that Plaintiff engaged in vexatious and bad faith litigation. Meanwhile, Defendant spent approximately $99,000.00 in attorney's fees to obtain roughly $63,777.08 in child support that he was clearly entitled to under the Child Support Guidelines. *See* Def.'s Submission of Attorney's Fees Under Seal (Feb. 3, 2022). For these reasons, and after a consideration of the evidence presented, the Court finds that equity

warrants an award of Defendant's attorney's fees, and that $30,000 is a reasonable amount when taking into account the length of the litigation, the difficulty in ascertaining both parties' incomes, and the overall attorney's fee amount.

The Court, finding that judicial equity weighs in favor of awarding a reasonable amount of Defendant's attorney's fees, **ORDERS** Plaintiff to pay $30,000.00 in Defendant's attorney's fees. As the Court's holding relative to the equity exception to the American Rule is dispositive of the attorney's fee issue, the Court need not address the remaining arguments related to the remaining exceptions to the American Rule.

### III. The Court grants costs to the Defendant in the amount of $5,454.08 pursuant to GRCP 54(d)(1).

Guam Rule of Civil Procedure Rule 54(d)(1) provides that costs other than attorney's fees shall generally be allowed to the prevailing party unless the court otherwise directs, or except when otherwise provided for in statute or the civil rules. Guam R. Civ. P. 54(d)(1). When determining prevailing party status for the purpose of awarding attorney's fees, the court should look at the lawsuit as a whole to determine which party prevailed. *Rahmani v. Park*, 2011 Guam 7 ¶ 64. The prevailing party is generally the one who successfully prosecutes or defends an action and who prevails on the merits of the main issue. *Id.* ¶ 61 (citing Am. Jur. 2d Costs § 11 (2010).

Here, the Court finds that Defendant is the prevailing party as Defendant received favorable judgment through the Court's awarding to the Defendant of child support dating back to 2016. Defendant received nearly the precise amount he requested from the Court. This was after five (5) years of litigating the sole issue of child support. Defendant also successfully appealed Judge Benjamin Sison's decision concerning this issue. Thus, when viewing the case as a whole, Defendant clearly successfully prevailed on the main issue before the Court.

Because Defendant is the prevailing party, he is entitled to an award for costs in the amount of $5,454.08. *See* Def.'s Statement of Costs (Nov. 5, 2021).

## CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** Defendant's request for Judgment Re: Child Support Arrears and **GRANTS** Defendant's request for Wage Assignment Order for Plaintiff's support obligation of $675.16 per month. Defendant is **ORDERED** to submit an updated Wage Assignment Order and/or Judgment within fifteen (15) days of this Decision and Order. The Court further **GRANTS** the Defendant's Motion for Attorney's Fees and awards Defendant $30,000.00 in attorney's fees and $5,454.08 in costs.

**IT IS SO ORDERED** APR 1 1 2022 .

_____
**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
J. Maher, AG-CSED,
Arriola Law Firm
Date: 4/11/22 Time: 3:08pm
_____
Deputy Clerk, Superior Court of Guam